KRAFT SYSTEMS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, K & B MFG., PARTY-IN-INTEREST

Court No. 82-1-00028

Before FORD, *Judge.*

Decided August 9, 1982

### *Memorandum To Accompany Order*

Plaintiff, Kraft System, Inc., is an American manufacturer who has instituted this action. The summons was served on January 5, 1982 and the complaint on February 8, 1982, both of which according to the rules of this Court were served on the party-in-interest. Pursuant to the provisions of 19 U.S.C. 1516(e), K & B Mfg., as party-in-interest, is granted the right to appear and be heard. The attorneys for the party-in-interest filed their notice of appearance on behalf of their client on May 13, 1982 thereby evidencing its intent to exercise the right to appear. Plaintiff on May 28, 1982 filed its motion for judgment on the pleadings, serving the party-in-

interest. The party-in-interest has filed opposition to plaintiff's motion for judgment on the pleadings.

In the matter before the Court plaintiff has moved pursuant to Rules 1(a), 8(e), 12(a) and 12(f) of the Rules of this Court for an order striking from the record party-in-interest's opposition to plaintiff's motion for judgment on the pleadings. Additionally, plaintiff seeks to bar the party-in-interest from further participating in the litigation of this action. Plaintiff's motion is premised upon the theory that, inasmuch as the party-in-interest did not file an answer to the complaint, it should not be permitted to participate in this litigation. Plaintiff also urges the Court to grant its motion on the basis that the party-in-interest is guilty of latches since a notice of appearance was not entered until May 13, 1982.

It is clear from the following provisions of 1516(e), *supra* that the party-in-interest has a statutory right to appear and be heard:

(e) Consignee or his agent as party in interest before the Court of International Trade. The consignee or his agent shall have the right to apear and to be heard as a party in interest before the United States Court of International Trade.

Neither the statute nor the present rules of this Court prescribe the procedure by which the party-in-interest is to exercise this right. Plaintiff has correctly pointed out that prior to the adoption of the new rules of this court in 1980, Rule 5.1(b) and subsequently 18.1(a) and 18.1(b) provided that the party-in-interest was required to file responsive pleadings and in fact was considered a defendant for the purposes of the rules under 18.1(a). However, the court is not operating under the old rules but under the present rules which are controlling.

Rules 12(a) and 6(c) under which plaintiff relies for the purpose of determining the time it believes party-in-interest was required to file an answer read as follows:

Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings

(a) When Presented: The United States, or an officer or agency thereof, shall serve an answer to the complaint, or to a cross-claim, or a reply to a counterclaim, within 60 days after the service upon the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Department of Justice, of the pleading in which the claim is asserted; except that, in an action described in 28 U.S.C. § 1581(f), involving an application for an order to make confidential information available under section 777(c)(2) of the Tariff Act of 1930, the answer shall be served within 10 days after the service of the summons and complaint. For good cause shown, the court in any action, may order a different period of time.

Any other defendant shall serve his answer within 20 days after the service of the complaint upon him. A party served with a pleading stating a cross-claim against him shall serve

an answer thereto within 20 days after the service upon him. The plaintiff shall serve his reply to a counterclaim in the answer within 20 days after service of the answer or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs.

The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after the notice of the court's action; (2) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

Rule 6. Time

(c) Additional Time After Service by Mail. Whenever a party has the right or obligation to do some act or take some proceeding within a prescribed period after the service of a pleading, motion, or other paper upon him, and the service is made by mail, 5 days shall be added to the prescribed period.

It is apparent that under the present rules the party-in-interest is not, as under the prior rules, specifically considered a defendant for the purposes of Rule 12(a) *supra,* which requires an answer be served within 20 days after service of the complaint. Since this procedural issue is not covered by the present rules, pursuant to Rule 1(a)[1] of the rules of this Court, and in the interest of justice. I hereby direct that the party-in-interest be granted 20 days from the date of the order to file an answer to the complaint. The serving of such answer would not cause harm to any of the parties. It would, however, serve to enlighten the Court and the other parties as to the exact position of the party-in-interest.

---

[1] Rule 1. Scope and Effective Date of Rules

(a) Scope. These rules govern the procedure in the United States Court of International Trade. They shall be construed to secure the just, speedy, and inexpensive determination of every action. When a procedural question arises which is not covered by these rules, the court may prescribe the procedure to be followed in any manner not inconsistent with these rules. The court may refer for guidance to the rules of other courts. The rules shall not be construed to extend or limit the jurisdiction of the court.